# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN WRIGHT, individually and on behalf of all similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No.: _____ |
| GREENWAY HOME SERVICES, LLC; GREENWAY HOME SERVICES, LLC d/b/a MISTER GREENWAY PLUMBING HEATING & AIR; GREENWAY HOME SERVICES, LLC d/b/a HOMESERV OF MEMPHIS; GREENWAY HOME SERVICES OF NASHVILLE, LLC; and WHIT GREENWAY, WHITNEY GREENWAY, and DEVIN WILLIAMS, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) | COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 AND CLASS ACTION FOR CONTRACT BREACH AND UNJUST ENRICHMENT  JURY TRIAL DEMAND |
| Defendants. | ) ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Justin Wright files this lawsuit on behalf of himself and all others similarly-situated as a collective action pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and as a class action for breach of contract and unjust enrichment pursuant to Fed. R. Civ. P. 23, against Defendants Greenway Home Services, LLC; Greenway Home Services, LLC d/b/a Mister Greenway Plumbing Heating & Air; Greenway Home Services, LLC d/b/a HomeServ of Memphis; Greenway Home Services of Nashville, LLC; and Whit Greenway, Whitney Greenway, and Devin Williams, individually, (collectively referred to as "Defendants"), and for his cause of action, Plaintiff would state as follows:

## INTRODUCTION

1.      Upon information and belief, Plaintiff's claims are subject to an arbitration clause contained in an Employment Agreement substantially similar to, if not exactly the same as, the one attached as **Exhibit 1**, which was the subject of an earlier case before this Court, *Poole v. Greenway Home Services, LLC, et al.*, No. 3:18-cv-00967.  In *Poole*, a case which involved claims identical to those presented here, Defendant Greenway Home Services, LLC agreed to pay for all arbitration fees and costs following plaintiff's initial payment of the filing fee.  Under those terms, the plaintiff and opt-in plaintiffs in that case agreed to arbitrate their claims in the AAA forum.  Despite previously agreeing to pay arbitration fees and costs in *Poole*, Defendants have refused to agree to pay the arbitration fees and costs associated with this case.

2.      The arbitration fees and costs in *Poole* ran into the tens of thousands of dollars.  Thus, Defendants' refusal to pay those fees and costs – while at the same time mandating arbitration – effectively deprives Plaintiff and similarly situated employees of an effective arbitral forum for the vindication of their rights.  "The Supreme Court has made clear that statutory rights… may be subject to mandatory arbitration only if the arbitral forum permits the effective vindication of those rights." *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646,658 (6th Circuit 2003)(citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28, (1991).

3.      The Sixth Circuit has held that "the arbitral forum must provide litigants with an effective substitute for the judicial forum; if the fees and costs of the arbitral forum deter potential litigants, then that forum is clearly not an effective, or even adequate, substitute for the judicial forum," and "where that prospect deters potential litigants, the arbitration agreement…is unenforceable under

2

Gilmer." *Morrison*, 317 F.3d at 659.

4.      Here, given the high arbitration fees and costs incurred in the companion case of *Poole*, there is no question but that absent Defendants' continued agreement to pay these fees and costs, its employees will be deterred from seeking to vindicate their federal statutory wage rights since otherwise "[i]n the arbitral forum, [they] face[] an additional expense—the arbitrator's fee and costs—which are never incurred in the judicial forum." *Morrison*, 317 F.3d at 664. As a result, Plaintiff, and the similarly situated employees who have filed Consents herein, file this case in federal court to ensure the effective vindication of their rights set forth in the Fair Labor Standards Act given the Defendants improper intent to transfer prohibitive arbitration fees and costs to them.

5.      Plaintiff seeks to recover unpaid wages owed to him and all other similarly situated employees who have worked for Defendants as non-exempt Technicians and/or Installers in their Nashville or Memphis locations.

6.      Plaintiff brings this action against Defendants pursuant to the collective action provisions of the FLSA found at §216(b), for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), which have deprived the Plaintiff, as well as others similarly-situated to Plaintiff, of their lawful wages.

7.      Other current and former employees of Defendants are also entitled to receive their unpaid minimum wages and/or overtime compensation for the reasons alleged in this Complaint. Plaintiff is permitted to maintain this action "for and on behalf of himself and other employees similarly-situated." 29 U.S.C. §216(b).

8.      This action is brought to recover significant amounts of unpaid minimum wages and

3

overtime compensation owed to Plaintiff and all current and former employees of Defendants who are similarly-situated to Plaintiff, pursuant to the FLSA. Plaintiff and the collective group of similarly-situated employees are, or have been, employed by Defendants as non-exempt Technicians and/or Installers within the three year period prior to the filing of this Complaint through the present.

9.      During the three year period prior to the filing of this Complaint through the present, Defendants committed violations of the FLSA by requiring and/or suffering or permitting their non-exempt employees, including Plaintiff, to routinely work for less than minimum wage and more than 40 hours per week without payment of overtime compensation.

10.     Plaintiff and all similarly-situated employees who elect to participate in this action seek unpaid minimum wages and overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

11.     During the six-year period prior to the filing of this Complaint, Defendants breached their contracts with their non-exempt Technicians and/or Installers who worked in Defendants Nashville and Memphis locations by failing to pay them their agreed upon compensation.

12.     As a result of breaching their contracts with their non-exempt Technicians and/or Installers who worked in Defendants Nashville and Memphis locations, Defendants were unjustly enriched.

## THE PARTIES

### THE PLAINTIFF

13.     Plaintiff currently resides in Rutherford County, Tennessee, and is a citizen of the United States.

4

14.     Plaintiff was employed by Defendants from approximately September/October of 2018 through approximately November of 2019, as a non-exempt Technician and Installer.

15.     During his employment with Defendants, Plaintiff worked as a non-exempt Technician and Installer who routinely worked more than 40 hours each workweek, and who also worked for less than the minimum wage in certain workweeks.  Even though he was non-exempt, Defendants failed to pay Plaintiff all the minimum wages and lawful overtime compensation to which Plaintiff was due as required by the FLSA.

16.     During his employment with Defendants, Defendants agreed to pay, and Plaintiff agreed to be paid on a fixed commission, salary, or flat rate basis per completed service call.

17.     At all times material to this action, Plaintiff and all similarly-situated members of this collective action were "employees" of Defendants Greenway Home Services, LLC; Greenway Home Services, LLC d/b/a Mister Greenway Plumbing Heating & Air; Greenway Home Services, LLC d/b/a HomeServ of Memphis; and Greenway Home Services of Nashville, LLC, as defined by §203(e)(1) of the FLSA.

18.     At all times material to this action, Defendants Greenway Home Services, LLC; Greenway Home Services, LLC d/b/a Mister Greenway Plumbing Heating & Air; Greenway Home Services, LLC d/b/a HomeServ of Memphis; and Greenway Home Services of Nashville, LLC (collectively, referred to as "Greenway") constituted a single, joint enterprise since they engaged in the same activities; shared unified operations, policies and practices; operate under common ownership and/or control; and had a common business purpose.

19.     At all times material to this action, Plaintiff and all similarly-situated members of this

collective action were "employees" of Defendant Whit Greenway as defined by §203(e)(1) of the FLSA.

20.     At all times material to this action, Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Whitney Greenway as defined by §203(e)(1) of the FLSA.

21.     At all times material to this action, Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Devin Williams as defined by §203(e)(1) of the FLSA.

22.     At all times material to this action, Plaintiff and all similarly-situated members of this collective action are and were covered by the minimum wage and overtime provisions of §§206 and 207 of the FLSA for the period during which they were employed by Defendants as a Technician or Installer and are, thus, entitled to receive the minimum wage for each hour they worked, and overtime pay for the hours they worked in excess of 40 in a workweek in either position.

23.     Upon information and belief, Defendants agreed to pay all individuals who were hired as non-exempt Technicians or Installers in Defendants' Nashville and Memphis locations, and those individuals agreed to accept, a fixed commission, salary, or flat rate per completed service call substantially similar to that of Plaintiff.

### THE DEFENDANTS

24.     Defendant Greenway Home Services, LLC is a limited liability company organized and operating under the laws of the state of Tennessee, with a principal place of business in Bartlett, Tennessee. Defendant Greenway Home Services, LLC also operates under the names Mister Greenway Plumbing Heating & Air (www.callgreenway.com), and HomeServ of Memphis (www.homeservmemphis.com).

6

25.     Defendant Greenway Home Services of Nashville, LLC is a limited liability company organized and operating under the laws of the state of Tennessee, with a principal place of business in Nashville, Tennessee.  As a January 1, 2019, Defendant Greenway Home Services of Nashville, LLC merged with Defendant Greenway Home Services, LLC.

26.     At all times material to this action, Greenway maintained and operated offices in the Memphis area located at 7550 Bartlett Corporate Cove East, Bartlett, Tennessee 38133, and in Nashville, at 1410 Donelson Pike Suite A-20, Nashville, Tennessee 37217.

27.     Defendant Greenway is a privately owned company which provides commercial and residential appliance, plumbing, and heating and cooling repair and installation services in the Memphis and Nashville, Tennessee areas.

28.     At all times material to this action, Defendant Greenway paid the Plaintiff and all other similarly-situated Technicians and/or Installers on either a commission, salary, or flat rate per call basis.

29.     Upon information and belief, at all times material to this action, Defendant Whit Greenway was an owner or co-owner of Greenway and served as its CEO.

30.     Upon information and belief, at all times material to this action, Defendant Whitney Greenway served as an owner or co-owner of Greenway.

31.     Upon information and belief, at all times material to this action, Defendant Devin Williams served as Greenway's President.

32.     Defendants Whit Greenway, Whitney Greenway, and Devin Williams exercised operational control over numerous aspects of Defendant Greenway's business operations.

33.     Defendants Whit Greenway, Whitney Greenway, and Devin Williams hired and fired

7

employees, or had the authority to hire and fire employees; established and/or enforced pay levels and compensation policies and practices for employees; and made other decisions which affected the terms and conditions of work for Plaintiff and other similarly-situated hourly employees.

34.     At all times material to this action, Defendants Whit Greenway, Whitney Greenway, and Devin Williams implemented and/or enforced policies and practices designed to deprive Plaintiff and similarly-situated Technicians and/or Installers of their lawful minimum wages and overtime pay.

35.     At all times material to this action, Defendants Whit Greenway, Whitney Greenway, and Devin Williams knew that the law required that the Technicians and/or Installers employed by Greenway were entitled to receive minimum wages for all hours worked, and overtime pay for all hours worked in excess of forty hours in a workweek.

36.     Defendants are subject to personal jurisdiction in the state of Tennessee for purposes of this lawsuit.

37.     At all times material to this action, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and have had an annual gross volume of sales which has exceeded $500,000.

38.     At all times material to this action, Defendants have been "employers" of Plaintiff as defined by §203(d) of the FLSA, as well as "employers" of all other Technicians and/or Installers.

39.     The minimum wage and overtime provisions set forth in §§206 and 207 of the FLSA apply to the Defendants.

## JURISDICTION AND VENUE

40.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331

(federal question jurisdiction); and 29 U.S.C. §216(b) (FLSA).

41.     This Court also has supplemental jurisdiction over Plaintiff's state law breach of contract and unjust enrichment claims under 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case of controversy.

42.     Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

## FACTUAL ALLEGATIONS

43.     At all times material to this action, Technicians and Installers who worked for Defendants were non-exempt employees entitled to receive minimum wages and overtime pay under the FLSA.

44.     Defendants have intentionally and repeatedly refused to pay Plaintiff and similarly-situated Technicians and Installers the minimum wages and overtime pay which they earned and to which they were entitled in violation of the provisions of the FLSA and corresponding federal regulations.

45.     At all times material to this action, Defendants uniformly compensated their Technicians and Installers on a commission, salary and/or a flat rate basis for each completed service call, and subjected Technicians and Installers to common policies, practices and conditions of employment.

46.     At all times material to this action, Plaintiff and other similarly-situated Technicians and Installers were victims of Defendants' broadly applied, common scheme to deprive them of their rights under the FLSA.

47.     Defendants have utilized the common means set forth below by which they have purposely cheated the Plaintiff and other Technicians and Installers out of the minimum wages and/or

9

overtime compensation to which they are entitled during the last three years.

### A. Defendants' Policy and Practice of Failing to Pay Their Non-Exempt Technicians and Installers Minimum Wages

#### 1. Defendants' Illegal Deduction Policy and Practice

48.     Under the FLSA and the regulations issued pursuant thereto, Defendants are required to

pay the wages of Plaintiff and all similarly-situated Technicians and Installers "free and clear" of

impermissible deductions which reduced their wages below the federal minimum wage threshold.

49.     At all times material to this action, 29 C.F.R. §531.35 applied to Defendants, and

provided as follows:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

50.     At all times material to this action, 29 C.F.R. §531.36(b) applied to Defendants, and

provided as follows:

> Deductions for articles such as tools, miners' lamps, dynamite caps, and other items which do not constitute "board, lodging, or other facilities" may likewise be made in nonovertime workweeks if the employee nevertheless received the required minimum wage in cash free and clear; but to the extent that they reduce the wages of the employee in any such workweek below the minimum required by the Act, they are illegal.

51.     At all times material to this action, Defendants have enforced a policy and practice of

docking the pay of its Technicians and Installers for damage to customer's property which allegedly

10

occurred during their service calls.

52.    Defendants claim that the deductions taken from the pay of their Technicians and Installers are to recoup the amount of the insurance deductible that Greenway is required to pay before its general liability coverage applies and covers such losses and/or damages.

53.    On information and belief, Defendants made fraudulent deductions from the pay of their Technicians and Installers for damages to customers' property which was in fact never damaged and/or damages for which Defendants did not actually pay anything out-of-pocket or for which Defendants paid less to repair than what they fraudulently deducted from the pay of their Technicians and Installers. Defendants typically made such deductions from the pay of their Technicians and Installers for alleged damages to customers' property without showing any proof of damage or an estimate of repair for such damages, and often refused to identify the customers whose property they allegedly damaged.

54.    On information and belief, Defendants continued to make deductions from the pay of their Technicians and Installers even after its insurance deductible had been met.

55.    At all times material to this action, Defendants required that their Technicians and Installers wear company uniforms, and routinely deducted at least $10.00 from the weekly pay of each Technician and Installer for the use of such uniforms, despite being required to return their uniforms after their employment ended.

56.    Defendants deducted at least $10.00 each week from the pay of their Technicians and Installers even though they had not been issued company uniforms. For example, Defendants made deductions from the pay of Plaintiff for company uniforms even though it was several months before Defendants provided Plaintiff with a uniform after he started working for Defendants.

11

57.     By way of example of these improper deductions made by Defendants, for the one week pay period beginning Monday, November 5, 2018 and ending Sunday, November 11, 2018, Defendants deducted $10.00 from the pay of Plaintiff for "Uniforms." Plaintiff's gross pay for this pay period, before this deduction, was $313.98, and his net pay after this deduction was $254.97. A true and accurate copy of the pay check and check stub issued to Plaintiff by the Defendants for the pay period of beginning Monday, November 5, 2018 and ending Sunday, November 11, 2018, is attached as **Exhibit 2.**

58.     During the one week pay period beginning Monday, November 5, 2018 and ending Sunday, November 11, 2018, Plaintiff worked approximately 60 hours but was paid only $254.97 for the entire week after Defendants made $10.00 in deductions for uniforms. As a result, Defendants paid Plaintiff far less than the applicable minimum wage of $7.25 an hour mandated by the FLSA for that one week pay period.

59.     The illegal deductions Defendants made from the pay of Plaintiff and the failure to pay Plaintiff the lawful minimum wage for all hours worked for the one week pay period beginning Monday, November 5, 2018 and ending Sunday, November 11, 2018, is typical of Defendants' treatment and the deductions they made in the pay of other Technicians and Installers.

**2.     Defendants' Policy and Practice of Paying for Only Completed Service Calls and Deducting Pay for Follow-Up Service Calls**

60.     At all times material to this action, Defendants enforced a policy and practice of paying Technicians and Installers only for completed service calls to customers.

61.     As a result of this policy and practice, and because Technicians and Installers often had

12

to order parts before they could complete repairs or install equipment, Defendants did not pay Technicians and Installers for the time spent making initial service calls which required call backs or return visits to complete.

62.     Because the final repairs and equipment installations were often made by other employees, the Technicians and Installers who made the initial customer service calls received no compensation from Defendants for those service calls, or the time spent travelling to and from customer locations.

63.     As a result of Defendants' policy and practice of only paying Technicians and Installers for completed service calls to customers, Plaintiff and similarly-situated Technicians and Installers often worked for less than the lawful minimum wage required by the FLSA.

64.     Even if a Technician or Installer completed a service call and was paid, at all times material to this action, Defendants enforced a policy and practice of deducting money from the pay of their Technician and Installer, if another employee was required to perform a follow-up service call.

65.     As a result of this policy and practice, if a customer required a follow-up service call after a service call was completed, Defendants would deduct from the pay of their Technician or Installer who initially completed the service call, an amount of money for sending out another employee to handle the follow-up service call.  Because these deductions were made on a Technician or Installer's pay sheet, these deductions were not reflected as a line item on the Technician or Installer's actual check stub.

66.     As a result of Defendants' policy and practice of deducting charges for follow-up calls from the pay of their Technicians and Installers who initially completed service calls to customers,

13

Plaintiff and similarly-situated Technicians and Installers often worked for less than the lawful minimum wage required by the FLSA.

67.     When coupled with Defendants' illegal policy and practice of making deductions for alleged damage to customer property and for uniforms, Defendants' policy and practice of only paying for completed service calls to customers and of charging Technicians and Installers for follow-up service calls, resulted in Defendants failing to pay Plaintiff and similarly-situated Technicians and Installers the minimum wage mandated by the FLSA in many workweeks during the three year period prior to the filing of this lawsuit.

**B.      Defendants' Policy and Practice of Failing to Pay Their Non-Exempt Technicians and Installers Overtime Wages**

68.     Section 7(a)(1) of the FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged . . . for a workweek longer than forty hours . . .unless such employee receives compensation for his employment in excess of one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

69.     Defendants have intentionally and repeatedly refused to pay Plaintiff and similarly-situated Technicians and Installers the overtime pay which they earned and to which they were entitled in violation of the provisions of the FLSA and corresponding federal regulations.

70.     At all times material to this action, Defendants have implemented and enforced a strict policy and practice of refusing to record, calculate and pay overtime compensation to Technicians and Installers, despite the fact that Defendants assign them tasks which require significant amounts of overtime hours to accomplish.

14

71.     At all times material to this action, Defendants' Technicians and Installers were required to arrive at the shop by 7:00 a.m. to begin their workday, and frequently worked 10 to 12 hours a day or more making customer service calls and travelling to and between multiple customer locations, Monday through Friday, and every other Saturday.  As a result, it was and is not unusual for Technicians and Installers to routinely work 60 hours or more in a workweek during this period.

72.     No matter how many hours in excess of 40 that they actually worked during the workweek, Defendants have refused to pay Technicians and Installers overtime compensation throughout the three year period prior to the filing of this lawsuit.

73.     While working for Defendants, Plaintiff typically worked much more than 40 hours per week, but was not paid at time and one-half his regular hourly rates as required by the FLSA for any of the overtime hours he worked.

74.     By way of example, during the one week pay period beginning Monday, November 5, 2018 and ending Sunday, November 11, 2018, Plaintiff worked approximately 60 hours but was paid only $254.97 for the entire week, with no overtime compensation whatsoever as mandated by the FLSA. A true and accurate copy of the pay check and check stub issued to Plaintiff by the Defendants for the pay period of beginning Monday, November 5, 2018 and ending Sunday, November 11, 2018, is attached as **Exhibit 2**.

**C.     Defendants' Policy and Practice of Failing to Keep and Maintain Accurate Records of the Hours Worked by Technicians and Installers Overtime Wages**

75.     The regulations issued pursuant to the FLSA require that employers keep and maintain accurate records of the hours worked each workday and each workweek by non-exempt employees. *See*

29 C.F.R. §516.2.

76.     Defendants were required to keep and maintain accurate records of the hours worked each workday and each workweek by non-exempt Technicians and Installers who worked for Greenway during the last three years.

77.     Defendants failed to keep and maintain accurate records of the hours worked each workday and each workweek by the Plaintiff and other non-exempt Technicians and Installers who worked for Greenway during the last three years.

78.     Defendants failure to keep and maintain accurate records of the hours worked each workday and each workweek by their non-exempt Technicians and Installers was part of Defendants' plan and scheme to evade the minimum wage and overtime requirements of the FLSA.

**D.     Defendants' Policy and Practice of Failing to Pay Their Technicians and Installers Their Agreed Upon Wages**

79.     Upon information and belief, at all times material to this action, Defendants required their Technicians and Installers to sign a written Employment Agreement, attached as **Exhibit 1**.

80.     At all times material to this action, Defendants also verbally agreed to pay their Technicians and Installers a fixed commission, salary, or flat rate for each service call.

81.     Despite these employment agreements, Defendants enforced a policy and practice of:

a.      paying Technicians and Installers only for completed service calls to customers. As a result, Defendants failed to pay their Technicians and Installers who made initial customer service calls, or the time spent travelling to and from customer locations;

b.      deducting at least $10 per week from the pay of their Technicians and Installers

16

for uniforms, even if they were not issued one;

    c.      docking the pay of their Technicians and Installers for follow-up service calls;

    d.      docking the pay of their Technicians and Installers when a job took longer than Defendants estimated; and,

    e.      docking the pay of their Technicians and Installers if any damage occurred to their company-owned vehicle.

82.     These policies and practices violate the terms of Defendants' employment agreements with their Technicians and Installers.

83.     Defendants' actions constitute breach of contract and unjust enrichment.

## COLLECTIVE ACTION ALLEGATIONS

84.     By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

85.     There are other similarly-situated present and former employees of Defendants who worked as Technicians and Installers who have been improperly compensated and deprived of their lawful overtime pay in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present action. Those similarly-situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

86.     Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in litigants:

> All current and former employees, who at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of court-supervised notice, worked as Technicians and/or Installers at Defendants' Nashville and

17

Memphis locations (the "Collective Class").

87.    Plaintiff seeks to pursue his claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

88.    Plaintiff and the Collective Class are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendants did not pay them for all hours worked, as mandated by the FLSA.

89.    All, or virtually all, of the legal and factual issues that will arise in litigating this class claims are common to Plaintiff and the Collective Class.  These issues include: 1) whether and to what extent Defendants did not pay for all hours worked; 2) whether and to what extent these unpaid hours deprived Plaintiff and the Collective Class of minimum wage; and, 3) whether and to what extent these unpaid hours include hours worked over forty (40) in a week such that Plaintiff and the Collective Class should be compensated at one and one-half times their regular rate of pay.

90.    Throughout the recovery period applicable to this action, Defendants Whit Greenway, Whitney Greenway, and Devin William exercised operational control over the business activities and operations of Greenway, including control over the terms and conditions of employment of their Technicians and Installers.

91.    In particular, Defendants Whit Greenway, Whitney Greenway, and Devin Williams directed and controlled work performed by the Plaintiff and all similarly-situated Technicians and Installers who worked for them, and/or had the right to direct and control their work.

92.    During the recovery period applicable to this action, Defendants Whit Greenway, Whitney Greenway, and Devin Williams implemented, approved, and/or ratified the illegal policies and

18

practices set forth and described above and were fully aware that such policies and practices violated the law.

93.     Upon information and belief, Defendants Whit Greenway, Whitney Greenway, and Devin Williams personally profited through increased profits and compensation as a result of the illegal policies and practices set forth and described above.

94.     Accordingly, Whit Greenway, Whitney Greenway, and Devin Williams acted "directly or indirectly in the interest of an employer in relation to" the named Plaintiff and similarly-situated Technicians and Installers within the meaning of §203(d) of the FLSA, and are thus personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

## CLASS ACTION ALLEGATIONS UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

95.     Plaintiff brings this action on this own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following individuals:

> All current and former employees, who at any time during the six years preceding the filing date of this Complaint to the present, worked as Technicians and/or Installers at Defendants' Nashville and Memphis locations and agreed to be paid on a commission, salary, or flat rate basis per service call (the "Rule 23 Class").

96.     Plaintiff is a member of the class he seeks to represent.

97.     The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

98.     All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Fed. R. Civ. P. 23(a)(2).  Specifically, all members of the Rule 23 Class share the questions of: 1) whether and to what extent Defendants did not pay Plaintiff and the Rule 23 Class the

agreed upon commission, salary, or flat rate basis per service call; 2) whether Defendants' actions constituted a breach of contract; and 3) whether Defendants' actions constituted unjust enrichment.

99.     Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3).  Defendants' failure to pay the agreed upon wages was not the result of any Plaintiff-specific circumstances.  Rather, it arose from Defendants' common payroll policies, which Defendants applied to all Technicians and Installers at Defendants' Nashville and Memphis locations.

100.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.  Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Fed. R. Civ. P. 23(b)(2).

101.     By consistently failing to pay its Technicians and Installers their agreed upon wages, Defendants created a scenario where questions of law and fact common to Rule 23 Class members predominate over any questions affecting only individual members.  Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter.  Accordingly, Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

### FIRST CAUSE OF ACTION:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

102.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-101 herein.  By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

103.     Defendants willfully and intentionally engaged in a widespread pattern and practice of

20

violating the minimum wage and overtime provisions of the FLSA, as detailed herein, by endeavoring to obstruct and prevent the proper compensation of Plaintiff and other present and former Technicians and Installers in accordance with §§206 and 207 of the FLSA.

104.    As a result of Defendants' violations of the FLSA, Plaintiff, as well as all other similarly-situated Technicians and Installers, have suffered damages by failing to receive their lawful minimum wages and overtime wages in accordance with §§206 and 207 of the FLSA.

105.    Defendants have made no good faith efforts to comply with the FLSA with respect to their compensation of Plaintiff or other similarly-situated Technicians and Installers.

106.    Defendants' willful conduct is evidenced by its treatment of Plaintiff and similarly-situated Technicians and Installers as set forth and described above.

107.    As a result of the unlawful acts of Defendants, Plaintiff and all other similarly-situated Technicians and Installers have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to the recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

108.    Pursuant to 29 U.S.C. §216(b), a Consent to participate in this action signed by the Plaintiff is attached hereto as **Exhibit 3.**

<u>**SECOND CAUSE OF ACTION:**</u>
**(BREACH OF CONTRACT)**

109.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-108 herein.

21

110.     Plaintiff brings this claim on behalf of himself and the Rule 23 Class.

111.     Plaintiff and the Rule 23 Class members entered into employment agreements with Defendants whereby they agreed to perform work for Defendant in exchange for being compensated at the agreed upon commission, salary, or flat rate basis per service call.

112.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.

113.     Plaintiff and the Rule 23 Class have performed all conditions precedent, if any, required of them under these agreements.

114.     Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to pay Plaintiff and the Rule 23 Class at the agreed upon rate.

### THIRD CAUSE OF ACTION:
### (UNJUST ENRICHMENT)

115.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-114 herein.

116.     Plaintiff brings this claim on behalf of himself and all members of the Rule 23 Class.

117.     Defendants are obligated to pay Plaintiff and the Rule 23 Class members their agreed upon wages.

118.     Because of the wrongful activities described above, including the failure to pay wages owed, Defendants have received the benefit of Plaintiff and the Rule 23 Class members' unpaid labor and have, therefore, received money belonging to the Plaintiff and the Rule 23 Class.

119.     Defendants are and were aware of and appreciated the benefits Plaintiff and similarly

situated employees conferred on them.

120. Defendants have been unjustly enriched as a result of accepting the work of Plaintiff and the Rule 23 Class members without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of such employees' labor without proper compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly-situated Technicians and Installers, prays for the following relief:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure, of this litigation to all potential members of the Collective Class and the Rule 23 Class;

C. A judgment against Defendants and in favor of Plaintiff, and those he seeks to represent, for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA and/or Tennessee law;

D. Prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the FLSA;

F. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA; and

G. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

23

Respectfully submitted,

DICKINSON WRIGHT PLLC


/s/ Autumn L. Gentry
Autumn L. Gentry, TN Bar #20766
Peter F. Klett, TN Bar #12688
Fifth Third Center
424 Church Street, Suite 800
Nashville, TN 37219-2392
Tel.:  615.244.6538
agentry@dickinsonwright.com
pklett@dickinsonwright.com

*Attorneys for Representative Plaintiff, Rule 23 Class, and Putative Collective Class*

4836-6976-5874 v2 [97856-1]

24