# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN WRIGHT, individually and on behalf of all similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> GREENWAY HOME SERVICES, LLC; GREENWAY HOME SERVICES, LLC d/b/a MISTER GREENWAY PLUMBING HEATING & AIR; GREENWAY HOME SERVICES, LLC d/b/a HOMESERV OF MEMPHIS; GREENWAY HOME SERVICES OF NASHVILLE, LLC; and WHIT GREENWAY, WHITNEY GREENWAY, and DEVIN WILLIAMS, individually, <br><br> Defendants. | Case No. 3:21-cv-00549 <br><br> District Judge Campbell <br> Magistrate Judge Holmes <br><br> COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 AND CLASS ACTION FOR CONTRACT BREACH AND UNJUST ENRICHMENT <br><br> JURY TRIAL DEMAND |

**AGREED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

Upon the Joint Motion of counsel for Plaintiff Justin Wright ("Plaintiff"), Defendants Greenway Home Services, LLC ("GHS"),[1] Whit Greenway, Whitney Greenway, and Devin Williams (collectively, "Defendants"), (collectively, the

---

[1] Greenway Home Services, LLC d/b/a Mister Greenway Plumbing Heating & Air and Greenway Home Services, LLC d/b/a HomeServ of Memphis are "doing business as" entities of Defendant Greenway Home Services, LLC and are encompassed in the same Greenway Home Services, LLC entity. Accordingly, this Answer is submitted on behalf of Defendant Greenway Home Services, LLC and its "doing business as" entities. Further, Greenway Home Services of Nashville, LLC merged with Defendant Greenway Home Services, LLC in January 2019, and thus, is also included in any reference to Defendant Greenway Home Services, LLC.

"Parties"), and pursuant to the Federal Rules of Civil Procedure IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

This Agreed Protective Order and Confidentiality Agreement ("Order") is necessary to protect proprietary, confidential, competitive, trade secrets, and/or extremely private documents and information ("Confidential Information") that may be or have been produced and/or otherwise disclosed during the course of discovery and other proceedings in Civil Action No. 3:21-cv-00549, styled Justin Wright, individually and on behalf of all similarly-situated persons v. Greenway Home Services, LLC; Greenway Home Services, LLC d/b/a Mister Greenway Plumbing Heating & Air; Greenway Home Services, LLC d/b/a Homeserv of Memphis; Greenway Home Services of Nashville, LLC; and Whit Greenway, Whitney Greenway, and Devin Williams, individually, pending in the United States District Court for the Middle District of Tennessee, Nashville Division (the "Action"), whether such information is produced and/or disclosed prospectively or retroactively. Specifically, Defendants anticipate producing information that includes various customer names and other identifying information. Such Confidential Information shall only be used for purposes of this Action and any appeal of this Action and shall not be disclosed, exhibited, delivered, or the existence be made known to any person except in accordance with the provisions of this Order.

The Parties may retroactively designate documents or information that has previously been produced and/or disclosed during the course of discovery and other

proceedings in this Action as proprietary, confidential, competitive, trade secrets, and/or extremely private so as to be encompassed by this Order.

To assure that no unfair advantage is gained by any party (or any non-party) as a result of discovery or other activities in this Action; to avoid any potentially harmful disclosure of Confidential Information; and to facilitate discovery and other pre-trial proceedings in this Action without the necessity of repeated motions and hearings before the Court, the Parties have stipulated that discovery and disclosure of Confidential Information should proceed only upon the terms and conditions set forth in this Order.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. <u>Applicability</u>. This Order shall apply to all information and materials (including, without limitation, all documents, deposition testimony and interrogatory answers) produced or disclosed through discovery, a third party subpoena, or any other proceedings in this Action (i) by any Plaintiff or any Defendant (individually referred herein as a "Party" and collectively referred to herein as the "Parties") or (ii) by any person, entity, or witness not a party to this Order ("non-party"), which is designated "Confidential Information" pursuant to this Order.

2. <u>Designation of Confidential Information</u>. Any Party or non-party may, in good faith, designate as "Confidential Information," at any time, in the manner described below, confidential information, including, without limitation, documents, answers to interrogatories, deposition testimony, or any other information or materials produced or disclosed by the Party or a non-party during discovery or in

any other pretrial proceedings in this Action, thereby giving notice that such materials (i) contain confidential information, and (ii) shall be subject to the provisions of this Order. All materials so designated, including copies, summaries, or abstracts, or other recognizable artifacts shall be treated as "Confidential Information." Irrespective of specific designation, any private health or medical information, financial record or social security number shall be considered "Confidential" and subject to the terms of this Order.

3. <u>Method of Designation</u>. Each page of documents disclosed or produced, along with all answers to interrogatories, responses to requests for admission, or other such discovery materials that are to be designated as Confidential Information, shall state:

**CONFIDENTIAL**

or

**CONFIDENTIAL INFORMATION**

Information designated as confidential under this Agreement should be substituted for any versions of the same information that was not previously designated as confidential. The version that has been designated confidential should at all times thereafter be used.

All documents produced by any Party, non-party, or witness for inspection or copying shall be treated as Confidential Information during inspection if marked or designated as Confidential Information as provided above or by the agreement of the Parties. Testimony may be designated as Confidential Information in whole or in

4

part. If so, counsel shall designate on the record prior to, concurrently with, or after such disclosure that the same is Confidential Information. Counsel shall have the ability, at any time, to designate any portions of a deposition, hearing, or trial transcript as Confidential Information.

    4.    <u>Limited Use and Disclosure of Confidential Information</u>. All Confidential Information revealed in this case shall be used solely for the preparation, hearing, and judicial review or appeal of this matter, and shall not be used by any person (except by the Party or non-party who originally produced or disclosed the Confidential Information, or by one who can prove the legitimate acquisition of such information prior to its disclosure in this Action) for any other purpose, and shall not be used or disclosed in this Action except as provided in this Order. Subject to the limitations on usage set forth below, and except by the Party or non-party who originally produced or disclosed it in this Action (or by one who can prove the legitimate acquisition of such information prior to its disclosure in this lawsuit), Confidential Information shall not be used, disclosed or otherwise communicated to anyone, except:

    a.    the named parties in the Action;

    b.    the putative collective/class members in the Action;

    c.    counsel of record for the Parties and paralegals or other legal and clerical assistants employed by such counsel and reasonably necessary to assist counsel (all of whom qualify for review of "Confidential Information");

d.  witnesses, and experts retained by counsel of record in connection with the Action, who agree to be bound by this Order;

e.  court reporters retained by counsel of record in connection with discovery in this Action who first read this Order;

f.  the Court (including Court staff); and

g.  such other persons as all counsel of record in advance unanimously may agree upon in writing; provided, that such other persons agree to be bound by this Order.

Confidential Information (and all copies thereof) shall be maintained only by retained counsel for the Parties, under the direct control of the Parties, at Parties' legal departments, or under the direct control of retained experts of the Parties.

5.  <u>Procedure for Filing of Documents Designated Confidential</u>. If any party wishes to file documents or transcripts with the Court that have been marked confidential, the party shall comply with LR 5.03.

6.  <u>Procedure for Disclosure to Experts</u>. Any Party's counsel who intends to disclose another party's Confidential Information to a witness or to an expert, in advance of any such disclosure, shall require such witness or expert to read and agree to be bound by this Order.

7.  <u>Disclosure Connected with Testimony</u>. A witness may, during a deposition or trial, or during preparation for a deposition or trial, be shown a document containing, or otherwise be examined about, Confidential Information only if (i) the witness is a current employee of the Party or non-party that produced such

Confidential Information, (ii) is authorized to review such information under the terms of this Order, or (iii) it can be established in advance of disclosure that the deponent is already familiar with (or authorized to review) the Confidential Information contained therein, e.g., as evidenced by the fact that the deponent authored or otherwise was a source of such information, or is shown on the document as a recipient thereof, or is a person whose prior testimony has established that he or she previously originated, received, or reviewed such information in the ordinary course of business, or is an expert who reviewed, or will review, same in his/her capacity as an expert witness in this Action. Each such witness in category (iii) above, however, shall be furnished a copy of this Order, either before or after being examined about such Confidential Information, and shall not disclose such Confidential Information to anyone, except in accordance with the terms of this Order.

8. <u>Procedure for Challenging Confidentiality Designation</u>. Any designation pursuant to this Order is subject to challenge by any party. Any party seeking to challenge a designation shall, as soon as practicable, inform the designating party of their specific objections in writing. Also, any party seeking to substantiate or object to any filed document or transcript marked confidential shall comply with LR 5.03.

9. <u>Exclusion of Unauthorized Persons</u>. Whenever Confidential Information is to be introduced or used at a deposition in this Action, each portion of any such proceeding in which such Confidential Information is introduced or used shall be conducted with only those persons present who are authorized under this Order to have access to such Confidential Information; and the confidential portions of the

transcript and its cover page shall be marked with the legend set forth in Paragraph 3 above; the original of such transcript shall be maintained under seal; and copies of same shall not be available to non-parties without first obtaining leave of the Court.

10. <u>Authorized Disclosures</u>. Nothing herein shall prevent disclosure beyond the terms of this Order if the only party originally designating the information as "Confidential Information" has consented in writing to such disclosure, or if the Court orders disclosure regardless.

11. <u>No Waiver of Other Objections</u>. Each party or non-party shall retain the right to oppose disclosure or production of Confidential Information sought in discovery on any additional grounds outside the provisions of this Order. The Parties do not waive any right to object upon any grounds whatsoever to the use or introduction of Confidential Information in any proceeding or hearing.

12. <u>Court Proceedings</u>. The Parties agree to follow the procedures outlined in Local Rule 5.03 regarding use of Confidential Information in all court-related proceedings.

13. <u>Responsibility for Unauthorized Use or Disclosure</u>. Any counsel disclosing Confidential Information of another Party or non-party to anyone qualified under this Order shall have the duty to reasonably ensure that such person is given a copy of this Order and observes its terms, except that in no event shall counsel be personally responsible for a breach or failure to observe the terms of this Order by anyone who is outside of his/her control.

14. <u>Ultimate Disposition of Confidential Information</u>. Upon written request by the producing party, within forty-five (45) days after the conclusion of this Action or any appeal of this Action, all Confidential Information produced by a Party or non-party, and all reproductions, summaries and extracts of same, together with any other recognizable artifacts thereof, shall be returned to the Party or non-party originally producing same, except as the Court may otherwise order; provided, however, that any attorney who prepared (or caused the preparation of) documents containing summaries, extracts, or similar compilations of Confidential Information produced by another Party or non-party shall not be required to return such summary materials to the producing Party or non-party unless such attorney fails to certify in writing to the producing Party or non-party that all portions of such materials containing Confidential Information of the producing Party have been destroyed to prevent unauthorized disclosure. However, nothing in this Order shall preclude a Party from using or retaining their own Confidential Information, even if marked confidential for purposes of this Action, internally for proper and lawful business purposes.

15. <u>Effective Date of Agreed Protective Order and Confidentiality Agreement</u>. This Order shall be effective immediately upon the signature of the attorneys for the Parties to the Action and shall apply retroactively to all information and materials (including, without limitation, all documents, deposition testimony and interrogatory answers) produced or disclosed through discovery or in any other proceedings in this Action that have been marked confidential.

This Order shall continue to be effective after the conclusion of this Action, except (i) that there shall be no restriction as to documents that are used as exhibits (unless such exhibits were admitted confidentially and maintained by the Court thereafter under seal), and (ii) that a Party may seek written permission from the producing party with respect to the application, dissolution or modification of this Order.

SIGNED AND ENTERED this ____ day of _____, 2021.

> WILLIAM L. CAMPBELL, JR.
> UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

*/s/ Autumn L. Gentry*
Autumn L. Gentry (TN BPR #20766)
Peter F. Klett (TN BPR #12688)
DICKINSON WRIGHT PLLC
Fifth Third Center
424 Church Street, Suite 800
Nashville, TN 37219-2392
Telephone: (615) 244-6538
Facsimile: (844) 670-6009
Email: agentry@dickinsonwright.com
　　　　pklett@dickinsonwright.com

*Counsel for Plaintiff*


*/s/ J. Gregory Grisham*
J. Gregory Grisham (TN BPR #013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, TN 38120
Phone: (901) 526-0431
Facsimile: (901) 526-8183
Email: ggrisham@fisherphillips.com

　　　　-AND-

Courtney Leyes (TN BPR #034012)
Ariel Kelly (TN BPR #034340)
FISHER & PHILLIPS LLP
3310 West End Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 488-2900
Facsimile: (615) 488-2928
Email: cleyes@fisherphillips.com
　　　　akelly@fisherphillips.com

*Counsel for Defendants*