IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JUSTIN WRIGHT, individually and on )
behalf of all similarly situated persons )
)
v. )        No. 3:21-0549
)
GREENWAY HOME SERVICE, LLC, et al. )

**FOURTH MODIFIED CASE MANAGEMENT ORDER**

A status/case management conference was held on June 20, 2023. Counsel participating were: Peter Klett and Autumn Gentry for Plaintiffs and Erica Wilson and Gregory Grisham for Defendants. Among the matters discussed at the status conference was the parties' joint motion to continue trial and for other relief (Docket No. 74), which, after consultation with Judge Campbell, is GRANTED as provided for below:

1.      Upon confirmation by Plaintiffs' counsel that the group of allegedly similarly situated plaintiffs described in Plaintiffs' complaint (Docket No. 1) neither requires any modification or additional discovery from Defendants to proceed under the Sixth Circuit's decision in *Clark v. A&L Homecare and Training Center, LLC*, ___ F.4th ___, 2023 WL 3559657 (6th Cir. May 19, 2023), the Court is disinclined to require amendments to the complaint solely to conform semantically to *Clark.* Nevertheless, should the parties separately or jointly disagree and contend that an amended complaint is essential for this case to proceed under Clark, **they must immediately** file a motion for a status conference to discuss that issue.

2.      By no later than **July 12, 2023**, Plaintiffs must file a motion for court-approved FLSA notice procedures, as directed by *Clark*. Defendants must file a response by no later than **July 31, 2023**. Briefs or memoranda of law in support of or in opposition to the motion shall not

exceed 25 pages. Plaintiffs may file an optional reply by no later than **August 7, 2023**, which shall not exceed 5 pages.

3.      The parties must participate in mediation with Magistrate Judge Joe B. Brown (Ret.) by no later than **August 31, 2023**, or the earliest possible date upon which Judge Brown is available thereafter. Counsel for the parties must promptly contact Joe Brown to schedule mediation.

4.      The parties must proceed promptly with all discovery, and as a priority, any class discovery by determining a sample size and kind of Rule 23 depositions and Rule 30(b)(6) depositions. Further, the parties are reminded of the requirement for an in-person between lead counsel in a final attempt to resolve any discovery dispute before bringing the dispute to the Court for resolution. All other procedures for resolution of discovery disputes, including contents of joint discovery dispute statements, remain unchanged.

5.      To ensure that lead counsel are attending to the progress of this case, as will be necessary to comply with the remaining case management schedule, the mandatory conference prior to the filing of motions required by Local Rule 7.01(a)(1) must also be in-person between lead counsel and the motion must certify that the in-person conference was held.

6.      Upon direction from Judge Campbell, the parties must propose a target trial that allows for **completion of trial before the end of the first quarter of 2025**. The parties must propose a fifth modified case management schedule that accommodates a target trial date of this timing, including but without limitation, a dispositive motion **reply deadline** (not the motion deadline, the reply deadline) that is no later than **90 days** before the proposed target trial date.

7.      By no later than **July 3, 2023**, the parties must file a joint motion for entry of a Fifth Modified Case Management order, which must include as an appended exhibit a proposed Fifth

2

Modified Case Management Order that: (i) includes the date(s) on which mediation is scheduled with Judge Brown; (ii) addresses whether some additional final approval is required by *Clark* after the Court's preliminary approval in connection with the requested court-approved notice procedures for which the motion and briefing schedule is provided for above[1]; (iii) provides for any additional Rule 23 class discovery or merits discovery, including a deadline for completion; (iv) includes a schedule for Plaintiffs' Rule 23 class certification motion and briefing[2]; (v) includes a schedule for any expert disclosures and discovery; (vi) includes a schedule for filing and briefing of dispositive motions for which the dispositive motion reply deadline is no later than 90 days in advance of the target trial date; and, (vi) includes a target trial date with anticipated number of trial days in conformity with the instructions above.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] If the parties are unable to reach an agreement about this issue, they may include their respective proposals in the joint proposed fifth modified case management order.

[2] After consultation with Judge Campbell, the Court again reiterates, as discussed with counsel during the June 20 status/case management conference, the timing of this case – and the delay that has already occurred without significant progress in preparation for trial – does not allow for determination of the FLSA notice period and the Rule 23 class certification to proceed sequentially.